# EXHIBIT O



IN THE MATTER OF:                                )
                                                 )
ANTI CAPITAL (UPPER CAYMAN) and
ANTI CAPITAL ASIA LTD.
                                                 )
                           Claimants,    )
                                                 )
v.                                               )        CASE NO. 5425003755
                                                 )
BLUEFIN LABS, INC.                       )
                                                 )
                                                 )
                                                 )
                                                 )
                                                 )
                           Respondent.

**PROCEDURAL ORDER NO. 2: RULING ON RESPONDENT'S JULY 11 SUBMISSION AND
SCOPE OF SUPPLEMENTAL BRIEFING**

### I.    Background

Under Procedural Order No. 1, Claimants were permitted to file limited supplemental materials (e.g., Signal messages or other party communications) by July 7, 2025, solely to support arguments regarding mutual modifications to the relevant agreement.

Respondent was allowed to file a response limited to the contents of Claimants' supplemental submission by end of day July 10, 2025. Procedural Order No. 1 stated clearly that this limited opportunity was granted to ensure the record is complete before ruling on the dispositive motion, and that no further extension are anticipated or likely to be granted.

Respondent filed a response on July 11, 2025, without prior leave. The submission includes some content addressing Claimants' supplemental messages, but also contains



extended legal argumentation duplicating or expanding upon earlier briefing on the motion to dismiss.

Respondent later submitted a Motion for Enlargement, requesting that the filing be accepted despite the delay.

Claimants filed an Objection on July 11, 2025, asking the Arbitrator to strike the July 11 submission in its entirety as untimely and noncompliant. Alternatively, Claimants requested the opportunity to reply if any portion of the filing were to be accepted.

## II.    Ruling

Although Respondent's "Response to Claimants' Supplemental Submission in Opposition to Motion to Dismiss," filed July 11, 2025, was submitted shortly after the deadline and the delay itself is deemed minimal and non-prejudicial, the content of the filing nonetheless exceeds the scope authorized under Procedural Order No. 1. That Order expressly limited Respondent's submission to "a response limited to the supplemental materials" submitted by Claimants, specifically, communications allegedly evidencing mutual modification of the Services Agreement. Rather than addressing those supplemental communications, Respondent's filing presents new legal arguments concerning integration clauses, the Federal Arbitration Act, and case law including *Fairstead*, *Nissan*, and *Roberts Irrigation*, authorities not previously mentioned and briefed. The submission contains no substantive engagement with the Slack and Telegram messages offered by Claimants and instead attempts to expand the legal record beyond the procedural bounds established. Permitting such a filing would undermine the narrow and procedural purpose of the



supplemental submission process and risk prejudicing the efficient resolution of the pending motion.

Accordingly, the Respondent's July 11 submission is STRICKEN in its entirety. The Arbitrator will decide the Motion to Dismiss based solely on the original briefing and the supplemental communications submitted by Claimants on July 7, 2025.

IT IS SO ORDERED.

Peter Kamminga, Ph.D. Esq.

*GPKamminga*

Dated: July 15, 2025