# EXHIBIT R

| | | |
|---|---|---|
| **IN THE MATTER OF:** | **)** | **ORDER 10: RULING ON PARTIES' REQUESTS FOR LEAVE TO FILE DISPOSITIVE MOTIONS; BRIEFING PARAMETERS AND SCHEDULE** |
| | **)** | |
| **ANTI CAPITAL (UPPER CAYMAN) and ANTI CAPITAL ASIA LTD.** | | |
| | **)** | |
| **Claimants,** | **)** | |
| | **)** | |
| **v.** | **)** | **CASE NO. 5425003755** |
| | **)** | |
| **BLUEFIN LABS, INC.** | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |
| **Respondent.** | | |

## I. BACKGROUND

The Arbitrator has received (i) Respondent Bluefin Labs Inc.'s request for leave to file a dispositive motion challenging arbitrability/jurisdiction and related submissions, and (ii) Claimants' request for leave to file a motion for partial summary disposition and related submissions.

The Arbitrator previously issued a reasoned decision denying Respondent's motion to dismiss and finding this matter properly arbitrable before JAMS (Order No. 3). The Arbitrator noted therein that he retained discretion to revisit arbitrability if the evidentiary record so warranted. The parties' current requests are governed by the dispositive-motion protocol set forth in Order No. 9. The Arbitrator

1

has reviewed the parties' submissions and deems the record on the requests for leave complete.

## II. NO FURTHER BRIEFING

No further briefs, replies, sur-replies, letters, or supplemental submissions concerning either request for leave (or the issues raised therein) shall be filed absent prior leave of the Arbitrator.

## III. RESPONDENT'S REQUEST FOR LEAVE TO FILE DISPOSITIVE MOTION ON ARBITRABILITY/JURISDICTION

Respondent seeks leave to file a dispositive motion directed to arbitrability/jurisdiction following completion of discovery. The Arbitrator's Order No. 3 addressed arbitrability/jurisdiction on a developed record. While the Arbitrator retains discretion to revisit that issue if the evidentiary record so warrants, leave is not granted where the proffer amounts primarily to reargument or reframing of issues previously decided, absent a showing of genuinely new, material evidence warranting reconsideration. On the present submissions, Respondent has not made such a showing.

Respondent's reliance on the completion of discovery, the asserted absence of a separate post-MMA arbitration agreement, and the drafting history of the MMA

2

does not materially alter the analysis set forth in Order No. 3, which rested on the parties' post-execution conduct and course of performance.

Respondent characterizes its request as a post-discovery summary disposition motion rather than a motion for reconsideration. Regardless of label, the request seeks to revisit the Arbitrator's prior arbitrability determination in Order No. 3.

In the exercise of his discretion, and consistent with the efficiency objectives reflected in Order No. 9, the Arbitrator denies leave to file a renewed dispositive motion on arbitrability. Accordingly, Respondent's request for leave to file a dispositive motion challenging arbitrability/jurisdiction is DENIED. This denial is without prejudice only to a showing—by application and concise proffer—of specific, genuinely new, material evidence discovered after the arbitrability record considered in Order No. 3, such that revisiting arbitrability would be warranted in the interests of justice and efficiency.

## IV. CLAIMANTS' REQUEST FOR LEAVE TO FILE PARTIAL SUMMARY DISPOSITION

Claimants request leave to file a partial dispositive motion based on asserted admissions and a discrete subset of relief. Claimants' request for leave to file a motion for partial summary disposition is GRANTED IN PART, subject to the limitations below.

3

**A. Scope Limitation**

The motion shall be narrowly confined to the discrete issue(s) for which leave is granted, as framed in Claimants' request, and shall not be used to expand into broader merits adjudication. The motion shall not require resolution of material credibility disputes, contested factual issues not susceptible to determination on a paper record, or issues whose efficient resolution would materially depend on live testimony or expert evaluation.

**B. Evidentiary Materials / Transcript Requirement**

To the extent the motion relies on deposition testimony, Claimants shall provide pinpoint citations and attach only the relevant excerpts. If Claimants rely on testimony that was not yet transcribed at the time of the request for leave, the motion must include the relevant certified transcript excerpts (or comparable reliable record) as exhibits. Exhibits shall be limited to what is necessary for resolution of the motion.

**C. Page Limits**

Unless otherwise ordered:

- Motion: 15 pages (excluding exhibits)
- Opposition: 15 pages (excluding exhibits)
- Reply: No reply absent prior leave of the Arbitrator.

4

The Arbitrator will assess, after reviewing the complete motion record, whether and to what extent any issues raised are appropriate for resolution on the written submissions.

## V. BRIEFING SCHEDULE AND HEARING ON THE MOTION

The schedule set forth in Order No. 9 shall apply to Claimants' partial summary disposition motion:

Claimants' Motion Due: February 26, 2026

Respondent's Opposition Due: March 19, 2026

Oral Argument (if needed): April 2, 2026 (time to be set)

Decision Target: May 4, 2026

The Arbitrator will determine, after review of the written submissions, whether oral argument is warranted.

## VI. HEARING DATES / CASE SCHEDULE

All existing merits hearing dates and pre-hearing deadlines remain in place unless the Arbitrator orders otherwise. The filing of the partial summary disposition motion shall not be used to delay hearing preparation.

## VII. RESPONDENT'S MOTION FOR LEAVE TO FILE REPLY

Respondent filed a motion for leave to file a reply in support of its request for leave to file a dispositive motion. The Arbitrator has reviewed and considered all

5

submissions submitted in connection with the parties' respective requests for leave and deems the record complete.

To the extent Respondent's reply has already been reviewed and considered as part of that complete record, the motion for leave to file the reply is DENIED AS MOOT. To the extent the motion seeks authorization for additional or further briefing, it is DENIED, consistent with Section II of this Order and the Arbitrator's denial of Respondent's request for leave to file a dispositive motion.

**SO ORDERED.**

Dated: February 2, 2026

Signed:

*YPKamminga*

Peter Kamminga, PhD. Esq.

Arbitrator

6